IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| David C. Clifton, | ) | Civil Action No. 3:12-02074-MBS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Nationstar Mortgage, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff David C. Clifton ("Plaintiff") filed this action against Defendant Nationstar Mortgage, LLC ("Defendant"), alleging claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681v, for violating the statutory reinvestigation duties of a furnisher of information. (ECF No. 10.) Plaintiff also asserts state law claims for breach of contract, breach of the implied duty of good faith, conversion, and for violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. §§ 39-5-10 to 560. (Id.) This matter is before the court on Defendant's motion to dismiss the action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (the "Rule 12(b)(1) motion") and motion to dismiss the matter for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (the "Rule 12(b)(6) motion"). (ECF Nos. 7, 14.) Plaintiff opposes Defendant's motions to dismiss and also moves to deny as moot Defendant's Rule 12(b)(1) motion based on the allegations of the amended complaint. (ECF Nos. 11, 12, 16.) For the reasons set forth below, the court **GRANTS** in part and **DENIES** in part Defendant's motions to dismiss and **DENIES** Plaintiff's motion to deny as moot Defendant's Rule 12(b)(1) motion.

## I. RELEVANT PROCEDURAL BACKGROUND

On January 6, 2011, Plaintiff filed a lawsuit in this court to address allegedly questionable servicing of the note and mortgage on his home by Defendant. See Clifton v. Nationstar Mortg., LLC, C/A No. 3:11-0050-MBS (D.S.C. Jan. 6, 2011) (ECF No. 1). On December 29, 2011, Plaintiff and Defendant entered into a settlement agreement and release (the "Agreement") that allegedly required Defendant "to modify the terms of the note and mortgage and to take certain actions to delete any derogatory credit reporting pertaining to Plaintiff." (ECF No. 10, p. 2 ¶ 9.) After receiving notice from the parties that the matter had settled, the court entered a Rubin order dismissing C/A No. 3:11-0050-MBS on February 7, 2012. (C/A No. 3:11-0050-MBS, ECF No. 51.) On April 9, 2012, Plaintiff filed a motion to reopen C/A No. 3:11-0050-MBS and an amended motion to reopen the case and compel settlement on April 10, 2012. (C/A No. 3:11-0050-MBS, ECF Nos. 52, 53.) On April 26, 2012, the court denied Plaintiff's motions to reopen the case and compel settlement. (C/A No. 3:11-0050-MBS, ECF No. 60.)

On July 24, 2012, Plaintiff commenced this action alleging causes of action against Defendant for breach of contract, breach of implied duty of good faith, conversion, and for violation of FCRA and SCUTPA. (ECF No. 1.) On August 16, 2012, Defendant filed a Rule 12(b)(1) motion to dismiss Plaintiff's complaint. (ECF No. 7.) In response to Defendant's Rule 12(b)(1) motion, Plaintiff filed both an amended complaint and opposition to the Rule 12(b)(1) motion on August 30, 2012. (ECF Nos. 10, 11.) Based on the jurisdictional allegations in the amended complaint, Plaintiff moved the court to deny as moot Defendant's Rule 12(b)(1)

motion on August 31, 2012. (ECF No. 12.[1]) On September 17, 2012, Defendant moved to dismiss the amended complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 14.) Plaintiff filed opposition to Defendant's second motion to dismiss on October 4, 2012. (ECF No. 16.)

## II.    LEGAL STANDARD

A.    Dismissal for Lack of Jurisdiction Generally

A motion to dismiss for lack of subject matter jurisdiction filed pursuant to Fed. R. Civ. P. 12(b)(1), raises the fundamental question of whether a court has jurisdiction to adjudicate the matter before it. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction can arise in two contexts: (1) when the moving party maintains that the complaint "fails to allege facts upon which subject matter jurisdiction can be based" or (2) when the moving party asserts that the "jurisdictional allegations of the complaint [are] not true." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In the first situation, where the moving party asserts that the non-moving party has failed to allege facts establishing subject matter jurisdiction, the court must assume all the facts alleged in the complaint to be true. Id. In the second situation, where the moving party disputes the validity of the jurisdictional allegations in the complaint, the court

---

[1] The court acknowledges that ECF Nos. 11 and 12 are the same document and that document was filed as both opposition to Defendant's Rule 12(b)(1) motion and Plaintiff's motion to deny as moot Defendant's Rule 12(b)(1) motion.

may look beyond the complaint and consider other evidence, such as affidavits, depositions, and live testimony. Id. The burden of proof in that situation falls on the plaintiff to demonstrate subject matter jurisdiction. Id.

B.     Dismissal for Failure to State a Claim Generally

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court must treat factual allegations of the nonmoving party as true. Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

C.     Federal Claim for Violating FCRA

Section 1681s-2(b) of FCRA imposes a duty on furnishers of information to investigate disputed information after receiving notice of a dispute concerning the completeness or accuracy of information from a credit reporting agency ("CRA") pursuant to 15 U.S.C. § 1681i(a)(2). If a consumer notifies a CRA that he disputes the accuracy of an item in his file, FCRA requires the CRA to notify the furnisher of the dispute. 15 U.S.C. § 1681i(a)(2). Upon receipt of this notice, a furnisher must: (A) conduct an investigation with respect to the disputed information; (B)

review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C. § 1681i(a)(2); (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis . . . . 15 U.S.C. § 1681s–2(b)(1).  Thus, FCRA requires furnishers to determine whether the information that they previously reported to a CRA is "incomplete or inaccurate."  15 U.S.C. § 1681s–2(b)(1)(D).  A violation of section 1681s-2(b) occurs when a furnisher negligently or willfully fails to reasonably investigate a properly lodged consumer dispute as required by 15 U.S.C. § 1681s-2(b)(1)(A).  See Johnson v. MBNA Am. Bank, N.A., 357 F.3d 426, 431 (4th Cir. 2003).

D.     State Law Claim for Breach of Contract

In order to prevail on a claim of breach of contract, the plaintiff bears the burden of establishing the existence and terms of the contract, defendant's breach of one or more of the contractual terms, and damages resulting from the breach.  Fuller v. E. Fire & Cas. Ins. Co., 124 S.E.2d 602, 610 (S.C. 1962).  An action for damages for breach of contract is thus predicated on the existence of the contract.  Tidewater Supply Co. v. Indus. Elec. Co., 171 S.E.2d 607, 608 (S.C. 1969).  The essential elements of a contract are an offer, an acceptance, and valuable consideration.  Carolina Amusement Co. v. Connecticut Nat'l Life Ins. Co., 437 S.E.2d 122, 125 (S.C. App. 1993).  "It is elemental . . . that before a party can recover for the breach of a contract, he must allege and prove by competent, relevant testimony each one of the material elements of the contract sued on."  Rabon v. State Fin. Corp., 26 S.E.2d 501, 502 (S.C. 1943).

E.     State Law Claim for Breach of Implied Duty of Good Faith

The implied covenant of good faith and fair dealing is present in all contracts. Gans & Pugh Assocs., Inc. v. Technical Commc'ns Corp., Nos. 93-1215, 93-1313, 1993 WL 513850, at *2 (4th Cir. Dec. 9, 1993) (citations omitted); Greenville Cnty. Sch. Dist. v. U.S. Gypsum Co., Nos. 85-2169, 86-3534 & 86-3541, 1987 WL 38165, at *4 (4th Cir. Oct. 5, 1987) (citation omitted).  However, the implied covenant of good faith and fair dealing is not an independent cause of action separate from the claim for breach of contract. RoTec Servs., Inc. v. Encompass Servs., Inc., 597 S.E.2d 881, 883-84 (S.C. Ct. App. 2004) (citing Stuart Enters. Int'l, Inc. v. Peykan, Inc., 555 S.E.2d 881, 884 (Ga. 2001) ("The implied covenant of good faith modifies, and becomes part of, the provisions of the contract itself. As such, the covenant is not independent of the contract.")).

F.     State Law Claim for Conversion

"Conversion is the unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of the condition or the exclusion of the owner's rights." Crane v. Citicorp Nat'l Servs., Inc., 437 S.E.2d 50, 52 (S.C. 1993). "Conversion may arise by some illegal use or misuse, or by illegal detention of another's personal property." Regions Bank v. Schmauch, 582 S.E.2d 432, 442 (S.C. Ct. App. 2003). Conversion is a wrongful act which emanates by either a wrongful taking or wrongful detention. Id. It is well settled that a conversion action does not lie when alleging the exercise of dominion or control over real property. See 18 Am. Jur. 2d Conversion § 7 (1998) (commenting that "an action for conversion ordinarily lies only for personal property which is tangible, or at least represented by or connected with something tangible" and "will not lie for such indefinite,

6

intangible, and incorporeal species of property as a . . . leasehold estate or interest").

G.    State Law Claim for Unfair Trade Practices

SCUTPA broadly prohibits any "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20. To maintain a private cause of action under SCUTPA, a plaintiff must establish: (1) the defendant engaged in an unlawful trade practice; (2) the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice; and (3) the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest. Havird Oil Co. v. Marathon Oil Co., 149 F.3d 283, 291 (4th Cir. 1998) (citing S.C. Code Ann. § 39–5–140; Daisy Outdoor Adver. Co. v. Abbott, 473 S.E.2d 47, 49 (S.C. 1996)).

### III.    ANALYSIS

Defendant moves to dismiss the amended complaint for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff opposes Defendant's motions.

A.    Arguments of the Parties

Defendant argues that the allegations of the amended complaint do not establish the court's subject matter jurisdiction over the matter. District courts generally have subject matter jurisdiction over civil actions involving federal questions and over civil actions between citizens of different states where the amount in controversy is greater than $75,000. See 28 U.S.C. §§ 1331, 1332. Defendant asserts that federal question jurisdiction does not exist in this matter because Plaintiff's amended complaint alleges insufficient facts to support a violation of FCRA. (ECF No. 7, p. 3.) In this regard, Defendant asserts that Plaintiff is unable to show that the information Defendant provided to the CRAs was inaccurate because (1) Plaintiff was in default

when he filed C/A No. 3:11-0050-MBS; (2) Plaintiff failed to make monthly escrow payments for taxes and insurance; (3) Plaintiff failed to execute a proposed modification of the note and mortgage; and (4) Plaintiff initiated this action before "Defendant could resolve any delinquency report to any credit bureau." (Id. at 4.) Defendant further asserts that diversity jurisdiction does not exist because Plaintiff fails to meet the amount in controversy requirement for diversity jurisdiction because his interest in issues relevant to this dispute (i.e., the equity in the house, the mortgage, the Agreement) is worth less than $75,000. (ECF No. 14, p. 2.) Based on the foregoing, Defendant requests that the court dismiss the matter pursuant to Fed. R. Civ. P. 12(b)(1).

Defendant also argues that the action should be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). In support of this argument, Defendant asserts that "[i]n order for a breach of contract to warrant rescission, the breach must be so fundamental and substantial as to defeat the purpose of the contract." (Id. at 3 (citing Ellie, Inc. v. Miccichi, 594 S.E.2d 485, 494 (S.C. Ct. App. 2004)).) In this regard, Defendant asserts that dismissal is appropriate because its "alleged breach of contract was not so material as to rescind the entire contract." (Id. at 4.) Defendant further asserts that Plaintiff repudiated the Agreement when he stopped making monthly escrow payments for taxes and insurance and, therefore, Defendant was not required to continue performing under the Agreement. (Id.) Accordingly, Defendant requests that the Court dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff argues that he has adequately asserted a claim under federal law for violating FCRA by alleging that (1) he disputed a reporting to an agency; (2) Defendant received the

report of Plaintiff's dispute; and (3) Defendant failed to reinvestigate Plaintiff's dispute.  (ECF No. 16, pp. 5-6.)  Plaintiff further argues that the amended complaint establishes diversity jurisdiction even if the court finds federal question jurisdiction lacking.  (ECF Nos. 12 at 1-2; 16 at 5-6.)  In this regard, Plaintiff contends that diversity jurisdiction is established by (1) Defendant's admissions in its responses to Local Rule 26.01 DSC interrogatories, ECF No. 8, that establish diversity of citizenship between the parties; and (2) Plaintiff's pleading of an amount in controversy greater than $75,000 and the inability of Defendant to show to a legal certainty that the jurisdictional amount cannot be recovered.  (ECF No. 16 at 6 (citing 28 U.S.C. § 1446(c) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," except in certain circumstances.)).)  Based on the foregoing, Plaintiff requests that the court deny Defendant's Rule 12(b)(1) motion either as moot or on the merits .

Plaintiff further argues that the court should deny Defendant's Rule 12(b)(6) motion because Defendant's argument requires an assessment of (1) the materiality of Defendant's alleged breach of the Agreement and (2) the evidence establishing Plaintiff's contract repudiation; both of which involve questions of fact that are not ripe for the court's consideration.  (Id. at 7.)

B.     The Court's Review

Defendant, a furnisher of information to CRAs, has two duties under the FCRA. Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 149 (4th Cir. 2008).  First, it has a general obligation to report only accurate information to CRAs.  15 U.S.C. § 1681s–2(a). Second, it has a duty to reinvestigate the sufficiency and accuracy of reported information upon receipt of notice of a dispute from a CRA.  15 U.S.C. § 1681s–2(b). In its Rule 12(b)(1) motion,

Defendant argues that Plaintiff has failed to allege sufficient facts to support a claim for violating the reinvestigation requirements of § 1681s-2(b) of FCRA. Plaintiff opposes Defendant's Rule 12(b)(1) motion, asserting that the amended complaint sufficiently alleges the occurrence of a violation of § 1681s-2(b) of FCRA when (1) he disputed the completeness and/or accuracy of information provided to CRAs by Defendant, a furnisher of information; (2) Defendant received notice of Plaintiff's dispute from the CRAs; and (3) after receiving notice of the dispute, Defendant failed to conduct a timely and/or proper investigation of disputed information and re-reported the inaccurate information to CRAs. (See ECF No. 10 at 4-5.)

Upon consideration, the court finds that Plaintiff's factual allegations sufficiently state a plausible federal claim for violating § 1681s-2(b) of FCRA. Freeman v. Equifax, Inc., C.A. No. 6:12–845–HMH, 2012 WL 2502693, at *2 (D.S.C. June 28, 2012) ("[P]laintiff states a plausible claim for relief under § 1681s–2(b) by alleging (1) that the plaintiff notified a CRA that the defendant furnished false information; (2) that the defendant-furnisher refused to investigate or correct the false report after learning of the alleged error; and (3) that it thereby violated the FCRA.") (citing Lang v. TCF Nat'l Bank, No. 07–1415, 2007 WL 2752360, at *2 (7th Cir. Sept.21, 2007). Therefore, federal question jurisdiction exists under 28 U.S.C. § 1331. Accordingly, the court denies Defendant's Rule 12(b)(1) motion, asserting the nonexistence of federal question jurisdiction.

Defendant also argues that the court's subject matter jurisdiction over this matter is lacking because the amount in controversy for diversity jurisdiction does not exceed $75,000. To establish Plaintiff's failure to meet the $75,000 amount in controversy requirement for diversity jurisdiction, Defendant must show to a legal certainty that the jurisdictional amount

cannot be met to establish that the court lacks subject matter jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). In support of dismissal, Defendant asserts that Plaintiff's interest in the issues relevant to this dispute (i.e., the house, the mortgage, the Agreement) is worth less than $75,000. Plaintiff opposes dismissal, asserting that the amount in controversy is greater than $75,000.

Upon consideration of the foregoing, the court finds that it is entitled to rely on Plaintiff's assessment of his damages because Defendant does not contend that Plaintiff's alleged amount in controversy was made in bad faith. St. Paul Mercury, 303 U.S. at 288 ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.") Therefore, diversity jurisdiction exists under 28 U.S.C. § 1332. Accordingly, the court denies Defendant's Rule 12(b)(1) motion, asserting the nonexistence of diversity jurisdiction.

In addition to its Rule 12(b)(1) motion, Defendant argues that the amended complaint should be dismissed for failure to state a claim. After accepting all well-pleaded allegations in Plaintiff's amended complaint as true and viewing the amended complaint in a light most favorable to Plaintiff, the court cannot conclude with certainty that Plaintiff fails to state plausible claims for breach of contract, conversion, and violation of FCRA or SCUTPA upon which relief could be granted. However, upon the court's further review, Plaintiff's claim for breach of the implied duty of good faith should be dismissed because this claim does not exist independent from the breach of contract cause of action. RoTec Servs., 597 S.E.2d at 883-84.

11

Accordingly, Defendant's Rule 12(b)(6) motion to dismiss is granted in part and denied in part.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's motions to dismiss are **GRANTED** in part and **DENIED** in part.  (ECF Nos. 7, 14.)  The court hereby **DENIES** Defendant's motions to dismiss (pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure) Plaintiff's claims for breach of contract, conversion, and for violation of the Fair Credit Reporting Act and the South Carolina Unfair Trade Practices Act.  Plaintiff's third cause of action for breach of an implied duty of good faith, ECF No. 10 at 5-6, is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted.  The court **DENIES** Plaintiff's motion to deny as moot Defendant's Rule 12(b)(1) motion.  (ECF No. 12.)

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
MARGARET B. SEYMOUR
SENIOR UNITED STATES DISTRICT JUDGE

March 4, 2013
Columbia, South Carolina